

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2007

# USA v. Holmes

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Holmes" (2007). *2007 Decisions.* Paper 278.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/278

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3918
_____

UNITED STATES OF AMERICA

v.

ROBERT HOLMES,

Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 02-cr-00172-31)
District Judge: Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2007

Before: SLOVITER, CHAGARES, and HARDIMAN, Circuit Judges.

_____

(Filed:  November 1, 2007)

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Counsel for Robert Holmes petitions this Court for permission to withdraw from representation of Holmes pursuant to Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion and affirm Holmes' sentence.

As we write only for the parties, we do not set out the facts in great detail. On October 24, 2002, a grand jury returned a 135-count third superseding indictment charging Holmes and 36 co-defendants with a range of drug trafficking and firearms offenses. Holmes was charged with conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o). He was tried and on May 28, 2004, convicted of both counts.

The probation department in its Presentence Investigation Report determined that the applicable sentencing range was life imprisonment under the murder guidelines. Holmes objected on the ground that the jury had failed to convict him of a murder offense. At Holmes' first sentencing hearing on August 31, 2004, the District Court upheld the objection under Blakely v. Washington, 542 U.S. 296 (2004). The District Court instead applied the career offender guideline based on Holmes' prior convictions and found the applicable range to be 360 months to life imprisonment. The District Court sentenced Holmes to 400 months incarceration. Holmes appealed. This Court remanded for sentencing under United States v. Booker, 543 U.S. 220, 261 (2005).

Following remand, the District Court found that the murder guidelines applied and the appropriate sentencing range was, therefore, life imprisonment. In light of the factors set forth in 18 U.S.C. § 3553(a), however, the District Court decided not to impose a life sentence and instead, again imposed a sentence of 400 months. Holmes filed a timely notice of appeal. Holmes' counsel petitions the Court to withdraw as attorney of record on the ground that the appeal is frivolous. Holmes has filed a *pro se* brief.

The Anders brief submitted to this Court demonstrates that Holmes' attorney has "thoroughly examined the record in search of appealable issues" and has explained why any issues arguably supporting the appeal are frivolous. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Counsel reviewed whether the District Court understood that, post-Booker, the guidelines were no longer mandatory and whether Holmes' sentence was reasonable. Counsel concluded that in choosing "a lesser term to avoid unwanted sentencing disparities," the District Court "complied with its obligations under *Booker* and the term of imprisonment imposed was within the statutory maximum period permitted for one of the offenses of conviction. Under these circumstances, there is no non-frivolous attack which could be launched against the district court's actions at the resentencing hearing." Appellant Br. at 10.

Moreover, an independent review of "those portions of the record identified by . . . [the] Anders brief" reveals no non-frivolous issues Holmes might profitably raise on appeal. 241 F.3d at 301. In his pro se brief, Holmes contends that the District Court

3

improperly applied the murder guidelines and thereby enhanced his guideline range by facts not proven beyond a reasonable doubt. <u>Pro</u> <u>Se</u> Appellant Br. at 2-3. In addition, Holmes asserts that the District Court should not have applied the career offender guidelines because his prior conviction was a non-qualifying misdemeanor. Holmes concludes that the District Court should have sentenced him to either 240 or 360 months incarceration. <u>Id.</u> at 3-4.

Holmes' arguments are without merit. Holmes improperly relies on the dissent in <u>United States v. Grier</u>, 449 F.3d 558 (3d Cir. 2006) for the proposition that a sentencing enhancement based on an uncharged crime (in this case, murder) must be established by proof beyond a reasonable doubt. Contrary to Holmes' contention, this Court has established that the preponderance of the evidence standard applies to such enhancements. <u>See</u> <u>United States v. Grier</u>, 475 F.3d 556 (3d Cir. 2007) (en banc). Furthermore, as the government correctly notes, Holmes' arguments regarding the alleged misapplication of the career offender guidelines are "irrelevant to Holmes' sentence," given that the District Court actually applied the murder guidelines at resentencing. Appellee Br. at 28. Therefore, any claim based on the unreasonableness of the sentence would be frivolous.

Where we conclude, as we do here, that the appeal is without merit, our local rules require that we grant counsel's <u>Anders</u> motion and dispose of the appeal without

appointing new counsel.  Accordingly, counsel's motion will be granted and Holmes'

sentence will be affirmed.  <u>See</u> 3d Cir. L.A.R. 109.2.

———————————————————